UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MATTHEW HUTCHINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CAUSE NO. 3:12-CV-792 RM |
| vs. ) | |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Matthew Hutchinson, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding. (DE 1.) On July 27, 2012, Hutchinson was found guilty of possession of a controlled substance under cause number MCF 12-07-0174. The charge was initiated on July 11, 2012, when Lt. A. Oswalt prepared a conduct report stating as follows:

> On 7/11/2012 at approximately 1430 I, Lt. A. Oswalt was conducting a cell search in J-Unit cell 313/314 with Lt. R. Sterling. While searching through Offender Matthew Hutchinson #102000 personal property in the shelving unit's cubby hole attached to the cell wall a small amount of green leafy substance was found wrapped in paper, taped on the ceiling of the shelving unit. This shelving unit's cubby hole where the substance was found contained personal property belonging to only Offender Hutchinson #102000. Offender Hutchinson was then placed in mechanical restraints and escorted to SCU. The green leafy substance was indicated on by K-9 "Sniffy."

(DE 7-1.) On the same date, Lt. R. Sterling prepared the following witness statement:

> On the above date [7/11/12] at approximately 1430 I, Lt. R. Sterling, was assisting Lt. A. Oswalt in a cell search in JHU. While searching cell 313/314, a small amount of a green leafy substance was found taped under the top shelf on the right hand side of the shelving area. The property in the shelf belonged to offender Hutchinson, Matthew #102000. Ofd. Hutchinson was restrained and escorted to SCU. The green leafy substance was indicated on by K9 "Sniffy."

(DE 7-3.)

On July 20, 2012, Hutchinson was notified of the charge and given a copy of the conduct report. (DE 7-1, 7-4.) He pleaded not guilty, asked for a lay advocate, and requested review of the surveillance video for various times during the three days leading up to the search. (DE 7-4.) Specifically, he requested review of the video from breakfast to 9:45 a.m. and again from 1:45 to 3:00 p.m. on July 9 and 10, and from 7:30 to 9:45 a.m. on July 11, which in his view would show that someone planted the drugs in his cell.[1] (*Id.*) The hearing officer reviewed video from 7:30 to 9:45 a.m. on July 9, 10, and 11, and concluded, "I could find no evidence someone 'Set Up' this offender." (DE 7-7.)

On July 27, 2012, a disciplinary hearing was held. (DE 7-8.) In his defense Hutchinson stated, "It wasn't mine. I didn't put it there." (*Id.*) The hearing officer considered his statement, along with the video evidence and staff reports, and found him guilty. (*Id.*) As a result he lost 90 days of earned time credits and was demoted to a lower credit-earning class. (*Id.*) After unsuccessfully appealing through the administrative process (DE 7-9 to DE 7-11), he filed this petition.

When prisoners lose earned time credits in prison disciplinary hearings, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written

---

[1] It appears from the record that breakfast occurred some time before 7:30 a.m., which was recreation time. (*See* DE 7-10 at 1.)

2

statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 564-566 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Mr. Hutchinson asserts a number of alleged errors in connection with the disciplinary proceeding, the bulk of which lack merit. He first claims that prison staff failed to comply with Indiana Department of Correction ("IDOC") policies in connection with disposition of the contraband and other procedural matters. The prison's failure to comply with internal policies or other state law doesn't provide a basis for granting federal habeas relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas relief is only available for a violation of the U.S. Constitution or other federal laws); Hester v. McBride, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (alleged violation of IDOC policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law").

Mr. Hutchinson also complains that the contraband was not presented at the hearing or subjected to scientific testing. It appears he envisioned the hearing proceeding like a criminal trial, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. at 556. The hearing officer wasn't required to produce physical evidence to support the charge or permit Mr. Hutchinson to "confront" the witnesses or evidence against him. *See* Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992)

3

("Inmates have no right to confront and cross examine adverse witnesses; thus, a disciplinary board's decision is not limited to evidence presented at the hearing."). Furthermore, the Constitution only required that the guilty finding be supported by "some evidence" of guilt, and the hearing officer did not need to prove beyond a reasonable doubt that the substance was marijuana or that Hutchinson possessed it. *See* <u>Hill v. Superintendent</u>, 472 U.S. at 457 (evidence was sufficient even though it was "meager" and there was no direct evidence of guilt); <u>Hamilton v. O'Leary</u>, 976 F.2d 341, 345 (7th Cir. 1992) (evidence showing constructive possession of contraband was constitutionally sufficient, since item was found in a location where only four inmates had access to it). None of these arguments establish a violation of Hutchinson's federal due process rights.

Finally, Mr. Hutchinson argues that he was denied access to potentially exculpatory evidence on the surveillance video. He is right. A prisoner has a right to call witnesses and present documentary evidence in his defense, consistent with correctional goals and safety. <u>Wolff v. McDonnell</u>, 418 U.S. at 566; <u>Meeks v. McBride</u>, 81 F.3d 717, 721 (7th Cir. 1996). A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. <u>Piggie v. Cotton</u>, 342 F.3d 660, 666 (7th Cir. 2003). Hearing officers are given a great deal of leeway in handling evidence and witness requests, but they can't arbitrarily reject a request for no legitimate reason. <u>Whitlock v. Johnson</u>, 153 F.3d 380, 388 (7th Cir. 1998)

The screening report reflects that Mr. Hutchinson requested the video to be viewed during specific times on July 9-11, but, for unstated reasons, the hearing officer didn't

4

review all of the video he asked for. (*See* DE 7-4, DE 7-7.) Mr. Hutchinson didn't have a right to review the video himself, but he made a proper request for this evidence, and he had a right to have the hearing officer consider it unless there was some legitimate reason for excluding it. White v. Indiana Parole Bd., 266 F.3d 759, 768 (7th Cir. 2001). The record reveals no reason for the hearing officer's failure to review all of the requested video, nor has the respondent advanced any reason for this omission in the return.[2] (*See* DE 7.) The respondent appears to argue that due process was satisfied because the record contains some evidence of Mr. Hutchinson's guilt, but this can't excuse the procedural due process error that occurred. Viens v. Daniels, 871 F.2d 1328, 1336 n.2 (7th Cir. 1989) (a prison disciplinary body may not arbitrarily refuse to consider exculpatory evidence simply because the record already contains the minimal evidence of guilt required by *Hill*).

Mr. Hutchinson argues that a review of additional portions of the video would reveal that someone planted the drugs in his cell. (DE 10 at 5.) Without a review of the video, there is no way to know whether it contains exculpatory evidence. Accordingly, the guilty finding will be vacated, but prison officials are free to retry Mr. Hutchinson on this charge if they so choose. *See* Meeks v. McBride, 81 F.3d at 722 (double jeopardy principles do not apply in the prison disciplinary context).

---

[2] The respondent appears to fault Mr. Hutchinson for not requesting a review of the video for the entire three days leading up to the search. (DE 7.) Mr. Hutchinson explains that there was no reason for him to so because he only wanted the video reviewed during the times he was out of his cell. (DE 10 at 5.) The court doesn't understand why an inmate should be penalized for attempting to narrow the scope of the evidence he requests, as Mr. Hutchinson did here.

For the reasons set forth above, the court GRANTS the petition (DE 1) and VACATES the guilty finding in MCF 12-07-0174.

SO ORDERED.

ENTERED: August  8 , 2013.	   /s/ Robert L. Miller, Jr.   
	Judge
	United States District Court